ARROWOOD, Judge, dissenting.
I respectfully dissent from the Majority Opinion's holding that the trial court did not commit prejudicial error in sending photographs of the decedent's body to the jury room over defendant's objection.
N.C. Gen. Stat. § 15A-1233(b) (2017), in pertinent part, provides: "Upon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence." (Emphasis added.)
In the present case, on 19 June 2016, the jury retired to deliberate at 10:05 a.m. At 10:56 a.m., the jury asked a question regarding punishment. The court properly instructed them that punishment was not a matter for them to consider, whereupon the jury took their morning break. Immediately upon the jury's return from the morning break at 11:21 a.m., the jury asked for all the photographs to be sent to the jury room. Defendant objected. In spite of this objection, the court stated that, in its discretion, it was going to permit the photographs to be sent to the jury room.
At approximately 11:31 a.m., the court had the approximately 179 photographs that were admitted into evidence sent to the jury room. Many of these photographs were from the autopsy to which defendant had previously objected. The jury took a lunch recess from approximately 12:26 p.m. until 1:58 p.m. Approximately two hours later, the jury indicated it was deadlocked 11-1. The court then gave an Allen charge and permitted the jury to take a 15 minute break. After deliberating an additional 45 minutes, the jury returned a verdict of guilty of second-degree murder. The objected to photographs were the only exhibits in the jury room during the deliberations.
Allowing the jury to receive the photographs in the jury room over defendant's objection was error. See State v. Huffstetler, 312 N.C. 92, 114, 322 S.E.2d 110, 124 (1984). The issue thus becomes whether the error was prejudicial.
*842 N.C. Gen. Stat. § 15A-1443(a) (2017), in pertinent part, provides: "A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." The burden is on the defendant to establish this prejudice. See State v. Milby, 302 N.C. 137, 142, 273 S.E.2d 716, 720 (1981).
When considering the circumstances of this case in their entirety, including: the *224 large number of photographs (179), the fact that many of the photographs were graphic, the fact that only the photographic evidence was taken to the jury room, the fact that the improper photographs were in the jury room for almost the entire deliberation, and, particularly noteworthy, the facts that the jury was deadlocked to the extent that an Allen charge was necessary and that the court provided instructions and verdict sheets to the jury with various options to find defendant guilty, I believe defendant has met his burden of establishing there is a reasonable possibility that, had this error not been committed, a different result would have been reached.
Therefore, I vote to reverse this case and remand this matter to Swain County Superior Court for a New Trial.